## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PEOGLE'S PARTY OF FLORIDA; ELISE MYSELS; )
CAROLYN WOLFE; VICTOR NIETO )   No. **Not Assigned**
)
Plaintiffs, )
v. )   8:22 cv 1274 TPB-AEP
)   Judge Not Assigned
)
FLORIDA DEPARTMENT OF STATE, DIVISION ) Magistrate Judge Not Assigned
OF ELECTIONS; CORD BYRD, FLORIDA )
SECRETARY OF STATE in his official capacity; )
BRIAN CORLEY, PASCO COUNTY SUPERVISOR )
OF ELECTIONS in his official capacity; )
Defendants. )

### VERIFIED COMPLAINT

Plaintiffs, the **People's Party of Florida; Elise Mysels; Carolyn Wolfe; and Victor Nieto,** through their attorney, file their verified complaint and respectfully request entry of a declaratory judgment and other relief pursuant to 42 U.S.C. §1983 against Defendants, **Florida Department of State, Division of Elections; Laurel M. Lee,** in her official capacity as Florida Secretary of State, Division of Elections; and **Brian Corley,** in his official capacity as Supervisor of Elections, Pasco County, Florida, and state as follows:

### Proposition

(1). A Florida law requiring (a) that a political party to be registered with the Department of State, Division of Elections for 365 days prior to becoming eligible to run its candidates, and (b) that a candidate be a registered member of that party for 365 days prior to filing his or her candidacy, is repugnant to the First and Fourteenth Amendments under the principles set forth by the United States Supreme Court in *Tashjian v. Republican Party*, (479 U.S. 208 (1986)), and its progeny.

Page 1 of 17

## Nature of the Case

1. This is an action for a declaratory judgment and other relief, seeking a declaration that the People's Party of Florida is not barred from running candidates in the **November 8, 2022 general election**, notwithstanding the 365-day "waiting period" provisions found at "Form of Candidate Oath," see Fla. Stat. 99.021 *et seq.,* and for an order directing the Defendants, Pasco County, Supervisor of Elections, as well as the Florida Department of State, Division of Elections to accept nomination papers from People's Party candidates for the November 8, 2022 general election as Minor Political Party candidates under the provisions of Title IX of the Florida Statutes, "Electors and Elections." *See* Fla. Stat. §§ 97.011 *et seq.*

2. Since **September 1, 2021**, the People's Party has been recognized by the State of Florida at its listing of Minor Political Parties, found at https://dos.myflorida.com/elections/candidates-committees/political-parties (last visited April 28, 2022); *see also* **Group Exhibit A,** *List of Parties,* April 28, 2022, & *Acknowledgement Letter* dated September 1, 2021, at pgs. 1-5.

3. To qualify as the candidate of a political party for purposes of ballot access, the State of Florida has established two "qualifying periods" thusly: a First Qualifying Period which pertains to candidates for the judicial branch: State Attorney, Public Defender, Justice of the Supreme Court, District Court of Appeal Judges, and Circuit Court Judges. The First Qualifying Period in this cycle lasted from Noon, Monday, April 25, 2022 – Noon, Friday, April 29, 2022. *See* Florida Statutes, attached hereto; Fla. Stat. § 99.061; *see also* https://dos.myflorida.com/elections/candidates-committees/qualifying/ ; see also Group Exhibit A at pgs. 6-9.

4. In addition, the State of Florida has established a Second Qualifying Period, which pertains to candidates for United States Senator, Representative in Congress, Governor, Attorney General, Chief Financial Officer, Commissioner of Agriculture, State Senator, State Representative and Multicounty Districts. Noon, Monday, June 13, 2022 – Noon, Friday, June 17, 2022. *Id.*

5. The Second Qualifying Period and pre-qualifying submission period above also applies to County and District Offices. However, for these offices, the qualifying paperwork must be submitted to the county Supervisor of Elections' office as the qualifying officer. *Id.*

6. Lastly, in any year in which the Legislature apportions the state, "the qualifying period for persons seeking to qualify for nomination or election to federal office shall be between noon of the 71st day prior to the primary election, but not later than noon of the 67th day prior to the primary election", i.e., the Second Qualifying Period. *Id.* at Fla. Stat. § 99.061(9).

7. Florida law also provides for a "Petition process in lieu of a qualifying fee and party assessment" pursuant to Fla. Stat. § 99.095. However, because of the **365-day waiting period** imposed by Fla. Stat. § 99.021 et seq., the Party was not permitted to submit petitions under the which were due to be submitted before the **May 16, 2022** deadline.

8. Nor will the Party, because of the 365-day waiting period (sometimes referred to as a "lockout" by election attorneys), be permitted to file its qualification papers by the end of the qualifying period and pay the qualifying fee pursuant to Fla. Stat. § 99.061, consisting of the filing fee, election assessment, and party assessment pursuant to Fla. Stat. § 99.092 before noon on **Friday, June 17, 2022**. See Florida Statutes, Title IX, *Electors and Elections*, Chapter 99 *Candidates*, attached hereto.

9. Defendants are the election authorities that are willfully and intentionally denying to Plaintiffs their First Amendment rights of association, expression and of ballot access, and their Fourteenth Amendment right to equal protection and due process under the law.

**Parties**

10. Plaintiff, People's Party of Florida ("People's Party"), is a minor political party within the State of Florida that seeks to run candidates for elected offices in Florida for the November 8, 2022 general election.

11. Plaintiff, Elise Mysels ("Mysels") is a resident of Lutz, Florida, as well as a registered voter in Lutz, Pasco County, FL., and is the People's Party candidate for the Pasco County Board of County Commissioners.

12. Plaintiff Victor Nieto ("Nieto") is a resident of Bay Harbor Islands; a registered voter in Miami-Dade County, FL; and is the current Chairperson for the People's Party of Florida.

13. Plaintiff Carolyn Wolfe ("Wolfe") is a resident of St. Augustine; is a registered voter in St. John's County, FL, and is a member of the People's Party Executive Committee.

14. Defendant Florida Department of State, Division of Elections (hereinafter "DOE"), is the state agency which, according to its website, "provides administrative support to the Secretary of State, Florida's Chief Election Officer, to ensure that Florida has fair and accurate elections…the Division ensures compliance with the election laws, provides statewide coordination of election administration and promotes public participation in the electoral process. The Division also assists county Supervisors of Elections in their duties, including providing technical support." *See* https://dos.myflorida.com/elections/about-us/  (last visited April 28, 2022).

15. Defendant Cord Byrd is the Florida Secretary of State, and is being sued in his official capacity.

16. The Pasco County Supervisor of Elections, Brian Corley (hereinafter "Supervisor"), is responsible for administering all elections in Pasco County and qualifying candidates for county offices, pursuant to Fla. Stat. 99.061(2). Supervisor Corley maintains an official web site at pascovotes.gov. The Supervisor is being sued in his official capacity.

17. At all times relevant to this action, Defendants were engaged in state action under color of state law.

18. The individual Defendants are being sued in their official capacities for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, as well as for costs and attorney's fees under 42 U.S.C. § 1988(b).

## Jurisdiction

19. Jurisdiction in this case is predicated on 28 U.S.C. § 1331, 1343(a)(3), and 134(a)(4), this being a case arising under the Constitution of the United States and 42 U.S.C. § 1983 and 1988.

## Venue

20. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the Plaintiffs' claims occurred in the Middle District of Florida.

### Relevant Facts & Title IX Florida Statutes – "Electors and Elections"

21. The DOE maintains an online log of all documents it receives from political parties attempting to get on the ballot. The searchable database may be found at https://dos.elections.myflorida.com/campaign-docs/default.aspx (last visited May 21, 2022).

22. According to DOE's database, it first received documents from the People's Party on July 15, 2021, when it received the first draft of the Party's By-laws. See Group Exhibit A, pg. 10, *Campaign Documents Search* print-out from DOE.

23. The People's Party eventually received an Acknowledgement Letter dated 9/1/21 that indicated that the DOE had received the People's Party's documents, and that the Party had been "added to the minor party list." Group Exhibit A at 4-5.

24. On May 10, 2022, Plaintiff Elise Mysels, in email correspondence submitted to the Pasco County Supervisor of Elections staff at "webcomment@pascovotes.gov" inquired as to whether she was eligible to run for local offices. *Id* at 11-14.

25. On May 11, staff for the Pasco County Supervisor of Elections responded, confirming that Mysels was not permitted, under Fla. Stat. 99.021, to run as a People's Party candidate: "Your record shows that you are registered in the People's Party (PEO) as of September 13, 2021. Prior to that date, you were registered NPA (no party affiliation). So, it appears you are currently unable to run no party affiliation and you would be unable to sign the oath stating you have been a member of the PEO party for 365 days to run as a minor political party candidate for PEO party...." *Id.*

26. In fact, Mysels had tried to register as a People's Party affiliated voter on June 21, 2021; but because the People's Party had not yet been recognized by DOE, Mysels' registration indicated she had changed from "Dem" to "NPA" (no party affiliation) on that date. *Id.*

27. The Florida Statutes, at Title IX, Electors and Elections, Chapter 99 Candidates (attached) provide the 2 methods by which minor political party candidates may be qualified for election: either by paying a filing fee, or by submitting petitions containing the signatures of qualified voters thusly, in the case of county offices, stating in relevant portion:

"...each person seeking to qualify for nomination or election to a county office, or district office not covered by subsection (1), **shall file his or her qualification papers with, and pay the qualifying fee**, which shall consist of the filing fee and election assessment, and party assessment, if any has been levied, to, the supervisor of elections of the county, **or shall qualify by the petition process** pursuant to s. 99.095 with the supervisor of elections, or shall qualify by the petition process pursuant to s. 99.095 with the supervisor of elections, at any time after noon of the 1st day for qualifying..."

Fla. Stats. § 99.061(1) & (2). **Emphasis supplied.**

28. The 365-day waiting period registration requirement may be found at Fla. Stat. § 99.021(1)(a)1, *Form of Candidate Oath,* in relevant portion:

\*\*\*

(b) In addition, any person seeking to qualify for nomination as a candidate of any political party shall, at the time of subscribing to the oath or affirmation, state in writing:

1. The party of which the person is a member.

2. **That the person has been a registered member of the political party for which he or she is seeking nomination as a candidate for 365 days before the beginning of qualifying preceding the general election for which the person seeks to qualify.**

3. That the person has paid the assessment levied against him or her, if any, as a candidate for said office by the executive committee of the party of which he or she is a member.

(c) **In addition, any person seeking to qualify for office as a candidate with no party affiliation shall, at the time of subscribing to the oath or affirmation, state in writing that he or she is registered without any party affiliation and that he or she has not been a registered member of any political party for 365 days before the beginning of qualifying preceding the general election for which the person seeks to qualify.**

(d) The officer before whom such person qualifies shall certify the name of such person to the supervisor of elections in each county affected by such candidacy so that the name of such person may be printed on the ballot. Each person seeking election as a write-in candidate shall subscribe to the oath prescribed in this section in order to be entitled to have write-in ballots cast for him or her counted.

\*\*\*

Statute may also be found at the *Official Internet Site of the Florida Legislature*, http://www.leg.state.fl.us/Statutes/index.cfm?App_mode=Display_Statute&Search_String=&URL=0000-0099/0099/Sections/0099.021.html (last visited April 27, 2022). **(Emphasis supplied).**

29. Additionally, the Florida Division of Elections *2022 Candidate Petition Handbook* states in relevant portion, at page 10:

ATTENTION: Recent law (s. 11 of Chapter 2021-11, Laws of Florida) requires a person seeking nomination as a candidate of a political party to be a member of that political party for the 365 days BEFORE the beginning of the applicable qualifying period. Additionally, the law requires a person seeking to qualify for office as a candidate with no party affiliation to not be a member of any political party for the 365 days BEFORE the beginning of the applicable qualifying period.

See *2022 Candidate Petition Handbook*, found at

https://files.floridados.gov/media/704776/candidate-petition-handbook-2022-11-2-21.pdf (last visited April 27, 2022).

30. Therefore, it logically follows that, if a candidate must be a member of a given party for 365 prior to running as a candidate, <u>then the party itself must be registered with the Division of Elections for 365 days prior to running any candidates whatsoever.</u>

31. Such a requirement, of having to be a member of a party for 365 prior to running as that party's candidate, impermissibly burdens the First Amendment speech and associational rights of the People's Party and its members, as well as its candidates and the candidates' constituencies.

32. Limiting the field of potential candidates to party members, <u>whatsoever</u>, violates the black-letter of U.S. Supreme Court guidance as expressed in *Tashjian*, *supra*, even without

the 365-day waiting period; the 365-day waiting period merely exacerbates the egregiousness of the constitutional deprivation.

33. Additionally, then, it necessarily follows that the People's Party having only been acknowledged as a minor party on **September 1, 2021** is being denied standing to run any candidates whatsoever in the November general election, as both the **May 16, 2022** petition deadline and the noon **June 17, 2022** qualifying period deadline are inside the 365-day waiting period.

34. Denying new parties the right to run candidates violates the First Amendment speech and associational rights of those parties, their voters, their candidates and their candidates' constituencies and violates the fundamental right to associate for political purposes and to participate in the electoral process, all well-established tenets of ballot access as established in *Williams v. Rhodes*, 393 U.S. 23, 30 (1968), and cases following.

35. Plaintiffs are thus injured and damaged, and denied their First Amendment and Fourteenth Amendment ballot access rights through the Defendants' refusal to recognize the People's Party as a political party for purposes of running candidates for federal, state, or multicounty district office until after September 1, 2022.

36. Plaintiffs are further being delayed in their ability to organize, campaign, promote the People's Party as a minor party, and gather signatures.

37. Plaintiffs are further harmed and damaged through denial of the Plaintiffs' right to campaign and promote the People's Party to voters in relation to the general election on November 8, 2022, otherwise denied First and Fourteenth Amendment rights.

38. Plaintiffs are further injured, harmed, defamed, and continue to suffer harm to their reputation and recognition through the DOE's refusal to permit the People's Party to

function as a duly recognized, registered minor political party within the geographic boundaries of the State of Florida, thereby hampering and obstructing the People's Party's First Amendment right to associate as a political party, build memberships, promote its platform and candidates, generate financial and other support from voters, and otherwise build and grow the People's Party within the State of Florida.

## COUNT I – DECLARATORY JUDGMENT
### Declaratory Judgment that the 365-Day "Waiting Period" Requirement in Fla. Stat. §99.021 "Candidate Oath" is Unconstitutional

39. Plaintiffs repeat and reallege paragraphs 1-38 as if fully restated herein.

40. In *Eu v. San Francisco County Democratic Central Comm.*, 489 US 214, 223 (1989) the U.S. Supreme Court confirmed that First Amendment protections are applicable to political party speech as follows:

> Indeed, the First Amendment "has its fullest and most urgent application" to speech uttered during a campaign for political office. *Monitor Patriot Co. v. Roy*, 401 U. S. 265, 272 (1971); see also *Mills v. Alabama*, 384 U. S. 214, 218 (1966). Free discussion about candidates for public office is critical, as the "election campaign is a means of disseminating ideas as well as attaining political office." *Id.*

41. The statute's denying to minor political parties the right to run candidates in the November 8, 2022 general election, as well as the anticipated refusal of the Defendants to accept qualifying papers from People's Party candidates (without a directive from this Court) directly damages, obstructs, and harms the ability of the People's Party to promote its platform, policy positions, and candidates, to all voters in the State of Florida, including, but not limited to Pasco County voters, at the November 8, 2022 general election; and denies all voters in the State of Florida the ability to have greater diversity and candidates to select from for federal, state and county offices.

42. The Plaintiffs, and each of them, enjoy First Amendment protected ballot access rights as a political party, as members of a political party, and as voters, which have been recognized by the Supreme Court in *Eu, supra*, 489 US 214, 223 as follows:

> Barring political parties from endorsing and opposing candidates not only burdens their freedom of speech but also infringes upon their freedom of association. It is well settled that partisan political organizations enjoy freedom of association protected by the First and Fourteenth Amendments. *Tashjian v. Republican Party*, 479 U.S. 208 (1986), at 214; see also *Elrod v. Burns*, 427 U. S. 347, 357 (1976) (plurality opinion). Freedom of association means not only that an individual voter has the right to associate with the political party of her choice, *Tashjian, supra,* at 214 (quoting *Kusper, supra,* at 57), but also that a political party has a right to " 'identify the people who constitute the association,' " *Tashjian, supra,* at 214 (quoting *Democratic Party of United States v. Wisconsin ex rel. La Follette*, 450 U. S. 107, 122 (1981)); cf. *NAACP v. Alabama ex rel. Patterson*, 357 U. S. 449, 460-462 (1958), and to select a "standard bearer who best represents the party's ideologies and preferences." *Ripon Society, Inc. v. National Republican Party*, 173 U. S. App. D. C. 350, 384, 525 F.2d 567, 601 (1975) (Tamm, J., concurring in result), *cert. denied*, 424 U. S. 933 (1976).

43. The statute's denial, and the Defendants' actions in enforcing the statute, violate the Plaintiffs' First Amendment right to associate as a political party to nominate Plaintiffs' candidates of their choice, their First Amendment right to petition voters, and a denial of their First Amendment right to promote the People's Party at the November 8, 2022 general election.

44. A real and actual controversy exists between the parties.

45. Plaintiffs have no adequate remedy at law, other than this action pursuant to 42 U.S.C. § 1983 for declaratory and equitable relief.

46. Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless the statute and the Pasco County Supervisor's and the DOE's enforcement of it is declared unlawful and enjoined by this Honorable Court.

47. A declaration of the Plaintiffs' rights would assist all parties as well as all Florida voters, including but not limited to Pasco County voters, and provide direction to the Defendants

in their official capacities as the election authorities within the State of Florida in advance of the November 8, 2022 general election.

**WHEREFORE,** Plaintiffs, through their attorney, respectfully request entry of a declaratory judgment as follows:

(a) Declaring that the 365-day "waiting period" requirements of Fla. Stat. 99.021, denying the People's Party the right to run candidates in the November 8, 2022 general election are unconstitutional, void and unenforceable.

(b) Declaring that the People's Party of Florida, as a registered minor political party under Florida law, is vested with all rights of minor parties under Florida law and enjoys all rights and benefits conferred upon a minor political party under the laws of Florida for the November 8, 2022 general election.

(c) Declaring that the 365-day "waiting period" purporting to bar candidates, including Plaintiff Mysels, from running unless they have been registered with a party for 365 days is unconstitutional, void and unenforceable.

(d) Directing the State of Florida, Department of State, Division of Elections and the Pasco County Supervisor of Elections to place the name of Elise Mysels on the ballot as the People's Party candidate for the office of County Commissioner, Pasco County Board, Second District for the November 8, 2022 general election.

(e) Otherwise adjusting the dates, signature requirements, payment of fees, and/or other provisions of the Florida Statutes governing submission of People's Party candidate qualifying papers in the interests of justice and to balance the Plaintiffs' Constitutional rights being denied by the State of Florida.

(f) Retain jurisdiction over this matter to enforce this court's order,

(g) Order Defendants to pay to Plaintiffs their reasonable fees and costs pursuant to 42 U.S.C. § 1988, and

(h) Order Defendants to provide to Plaintiffs such further and additional relief as the Court deems just and appropriate.

## Count II
## Denial of First Amendment ballot access rights (42 U.S.C. § 1983)

48.　　Plaintiffs repeat and reallege paragraphs 1-47 as if fully restated herein.

49.　　The Supreme Court in *Anderson v. Celebrezze*, 460 U.S. 780, 789, 103 S.Ct. 1564, 1570 (1983), instructed lower courts to "consider the character and magnitude of the asserted injury to the rights protected" by the constitution, to "identify and evaluate the precise interests put forth by the State," and then to decide whether the interests justify the restriction.

50.　　Defendants' actions violate rights guaranteed to these Plaintiffs by the First Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983.

**WHEREFORE,** the Plaintiffs respectfully request that this Court enter judgment as follows:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order and/or preliminary injunction as follows:

    a. directing the Defendants to amend any Candidate Handbooks, websites or any other literature or publications to delete the language in the "ATTENTION" notice found at ¶ 29, *supra*, setting forth the 365-day waiting period requirement and its applicability to the November 8, 2022 general election, or any other inaccurate references to the unconstitutional provision, explaining that the provision has been declared unconstitutional, and otherwise amending

and revising Defendants' publications to remedy Defendants' unconstitutional acts.

b. prohibiting Defendants from striking, rejecting, or refusing acceptance of petitions and/or qualifying papers from People's Party of Florida candidates seeking ballot access for the November 8, 2022 general election based on any imposition of the unconstitutional 365-day waiting period.

c. directing Defendants to accept petitions and/or qualifying papers and filing fees from People's Party candidates for the November 8, 2022 general election.

(3) Issue a declaratory judgment stating that the People's Party of Florida is established as a minor political party within the State of Florida with all associated rights allowed under the Florida law to minor political parties for all elective and political party offices;

(4) Issue a permanent injunction against Defendants, enjoining them from enforcing Fla. Stat. 99.021's requirement imposing a 365-day waiting period for candidates to be registered as members of a party before they can run as that party's candidate in an election.

(5) Issue a permanent injunction against Defendants, enjoining them from enforcing Fla. Stat. 99.021's requirement imposing a 365-day waiting period for the People's Party before that party is permitted to nominate and run candidates in any election in the State of Florida.

(6) Order Defendants to pay to Plaintiffs their costs and a reasonable attorney's fees under 42 U.S.C. § 1988(b);

(7) Retain jurisdiction over this matter to enforce this court's order, and

(8) Order Defendants to provide to Plaintiffs such further and additional relief as the Court deems just and appropriate.

## Count III
### Denial of Fourteenth Amendment equal protection rights (42 U.S.C. § 1983)

51. Plaintiffs repeat and restate paragraphs 1-50 as if fully restated and realleged herein.

52. The Supreme Court in *Anderson v. Celebrezze*, 460 U.S. 780, 789, 103 S.Ct. 1564, 1570 (1983), instructed lower courts to "consider the character and magnitude of the asserted injury to the rights protected" by the constitution, to "identify and evaluate the precise interests put forth by the State," and then to decide whether the interests justify the restriction.

53. Defendants' actions violate rights guaranteed to these Plaintiffs by the Fourteenth Amendment to the United States Constitution to equal protection under the law, as enforced through 42 U.S.C. § 1983.

**WHEREFORE**, the Plaintiffs respectfully request that this Court enter judgment as follows:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order and/or preliminary injunction as follows:

    a. directing the Defendants to amend their Handbooks, websites or any other publications correcting the language in the "ATTENTION" notice found at ¶ 29, *supra*, setting forth the 365-day waiting period requirement and its applicability to the November 8, 2022 general election, and indicating that the provision has been declared unconstitutional, and otherwise amending

    and revising Defendants' publications to remedy Defendants' unconstitutional acts.

  b. prohibiting Defendants from striking, rejecting, or refusing acceptance of petitions and/or qualifying papers and filing fees from People's Party of Florida candidates seeking ballot access for the November 8, 2022 general election based on the 365-day waiting period.

  c. directing Defendants to accept petitions and qualifying papers from People's Party candidates for the November 8, 2022 general election.

  d. directing Defendants to prepare all forms of ballots and voting devices for the inclusion of the People's Party's candidates in the general election on to be held on November 8, 2022 in each of their respective jurisdictions, and to administer all provisions of a general election for People's Party candidates within the State of Florida.

(3) Issue a declaratory judgment stating that the People's Party of Florida is established as a minor political party within the State of Florida with all associated rights allowed under the Florida law to minor political parties for all elective and political party offices;

(4) Issue a permanent injunction against Defendants, enjoining them from enforcing Fla. Stat. 99.021's requirement imposing a 365-day waiting period for candidates to be registered as members of a party before they can run as that party's candidate in an election.

(5) Issue a permanent injunction against Defendants, enjoining them from enforcing Fla. Stat. 99.021's requirement imposing a 365-day waiting period for the

People's Party before that party is permitted to nominate and run candidates in any election in the State of Florida.

(6) Order Defendants to pay to Plaintiffs their costs and reasonable attorney's fees under 42 U.S.C. § 1988(b); and

(7) Retain jurisdiction over this matter to enforce this court's order, and

(8) Such further and additional relief as the Court deems just and appropriate.

Respectfully submitted:

By:    /s/ Christopher Kruger
Attorney for Plaintiffs

Christopher Kruger
The Law Offices of Christopher Kruger
2022 Dodge Avenue
Evanston, IL 60201-3434
Phone 847 420 1763
Fax 847 733 9537
Email chris@krugerandgruber.com