UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE'S PARTY OF FLORIDA, et al.,

    Plaintiffs,

v.                                                  Case No. 8:22-cv-1274-TPB-AEP

FLORIDA DEPARTMENT OF STATE,
DIVISION OF ELECTIONS, et al.,

    Defendants.
_____/

**ORDER DENYING IN PART AND DEFERRING IN PART PLAINTIFFS'
"EMERGENCY MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER"**

       This matter is before the Court on Plaintiffs' "Emergency Motion and Memorandum of Law in Support of Preliminary Injunction and/or Temporary Restraining Order," filed by counsel on June 3, 2022. (Doc. 3). After reviewing the motion, court file, and the record, the Court finds as follows:

       Plaintiffs – a newly-recognized minor political party, two officers of the political party, and a candidate seeking to be placed on the ballot – file suit to enjoin Defendants from enforcing § 99.021, *F.S*, which they contend violates their First and Fourteenth Amendment rights.

       A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened

with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical.

Plaintiffs have failed to plead or demonstrate that notice and a hearing on the motion is impractical. Plaintiffs do not detail *any* efforts made to give notice of the TRO motion to Defendants, and they do not provide any reason why notice should not be required. Absent a showing of emergency, the Court is not able to address Plaintiffs' allegations without input from Defendants.

Because Plaintiffs have failed to meet the high burden for the issuance of a TRO, Plaintiffs' "Emergency Motion and Memorandum of Law in Support of Preliminary Injunction and/or Temporary Restraining Order" must be denied. Although Plaintiffs are not entitled to a TRO, the Court will consider the motion for preliminary injunction after Defendants are served with a complaint and a copy of any such motion and given an opportunity to respond.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)     Plaintiffs' "Emergency Motion and Memorandum of Law in Support of Preliminary Injunction and/or Temporary Restraining Order" (Doc. 3) is hereby **DENIED** to the extent that Plaintiffs seek a temporary restraining order.

(2)     Plaintiffs are directed to immediately serve on Defendants a copy of the complaint, a copy of Plaintiffs' "Emergency Motion and Memorandum of Law in Support of Preliminary Injunction and/or **Temporary** Restraining

Order," and a copy of this Order.  Plaintiffs are further **DIRECTED** to file proof of service on or before Thursday, June 9, 2022.

(3)     On or before Thursday, June 16, 2022, Defendants may file one consolidated response in opposition to the motion seeking a preliminary injunction.

(4)     The Court may set a hearing to address the motion, if warranted.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u> day of June 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**