IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PEOPLE'S PARTY OF FLORIDA; ELISE MYSELS; CAROLYN WOLFE; VICTOR NIETO | No. **22 cv 1274 TPB-AEP** |
| Plaintiffs, | |
| v. | Honorable Judge Thomas Barber |
| FLORIDA DEPARTMENT OF STATE, DIVISION OF ELECTIONS; CORD BYRD, FLORIDA SECRETARY OF STATE in his official capacity; BRIAN CORLEY, PASCO COUNTY SUPERVISOR OF ELECTIONS in his official capacity; Defendants. | Magistrate Judge Anthony Porcelli |

**Plaintiffs' Proposed Reply to Defendants' Combined Response**

Now come the Plaintiffs, People's Party of Florida, Elise Mysels, Carolyn Wolfe, and Victor Nieto, and submit their Proposed Reply to Defendants' Combined Response to Plaintiff's Motion(s) for Preliminary Injunction or Temporary Restraining Order.

Defendants hang their hat on the *Purcell* Doctrine – a doctrine that holds that courts should not interfere with rules of conduct of an election itself, as it pertains to the general electorate, at a time on the eve of an election. The *Purcell* Doctrine does not pertain to ballot access to candidates and parties.

[From scotusblog] "Under the *Purcell* principle, courts should not change election rules during the period of time just prior to an election because doing so could confuse voters and create problems for officials administering the election. The principle takes its name from *Purcell v. Gonzalez*, (549 U.S. 1 (2006)) in which the Supreme Court reversed an October 2006 decision of the U.S. Court of Appeals for the 9th Circuit blocking an Arizona voter ID law during that year's midterm election. The district court had initially denied the plaintiffs' preliminary

motion to block the law. The 9th Circuit's ruling blocked the law until an appeal on the merits could be heard, in effect <u>changing the rules for the November election.</u> The Supreme Court based its decision on the short amount of time between the 9th Circuit's order and the election, the need of Arizona election officials for clear guidance, and the 9th Circuit's lack of an explanation for its decision."

***

"This year, in a 5-4 ruling on absentee voting in *Republican National Committee v. Democratic National Committee*, (589 U. S. \_\_\_\_ (2020)) both the majority and the dissent relied on *Purcell*. One day prior to Wisconsin's April primary election, the Supreme Court blocked a district court ruling issued five days before the election that extended the <u>deadline for submitting absentee ballots.</u> The district court based its decision on an immense backlog of absentee ballot requests due to concerns about voting in person during the coronavirus pandemic. (Local election officials were unable to process the unprecedented volume of requests that were timely under state law.) Citing *Purcell* and *Veasey v. Perry,* 574 U. S. \_\_ (2014) the Supreme Court found that the district court should not have <u>changed the election rules</u> in the specific way that it did so close to the election. According to the five-justice majority, permitting absentee ballots to be cast (not merely postmarked) after the polls closed on Election Day would "fundamentally alter the nature of the election," and further, the district court's order preventing the state from announcing election results until extended absentee voting ended could create the kind of confusion cautioned against in *Purcell*. The Supreme Court did, however, leave in place a portion of the district court's order, in effect permitting absentee ballots to be postmarked by Election Day even though state law would have required them to be delivered to local election offices by then."

https://www.scotusblog.com/election-law-explainers/the-purcell-principle-a-presumption-against-last-minute-changes-to-election-procedures/ (last visited June 17, 2022). (Emphasis supplied).

Voter ID laws and absentee ballots are procedural issues that apply to the general electorate, and Purcell has not been, and should not be used to impede ballot access and certainly not to uphold a constitutionally-infirm law.

[Because of time constraints, Plaintiffs will attempt to refine these reported citations in a later filing if necessary].

In *Graveline v Benson* (originally referred to as "*Graveline v Johnson*"), a U.S. District Court in Michigan enjoined the Michigan law requiring a statewide independent candidate to submit 30,000 signatures to get on the ballot. *Graveline v. Johnson*, 36 F. Supp. 3d 801 (E.D. Mich. 2018)  The Sixth Circuit agreed that the injunctive was proper.  The U.S. District Court injunctive relief came on August 27, 2018, and ordered the candidate, Chris Graveline, on the ballot as an independent candidate for Attorney General.  On September 6, 2018, the Sixth Circuit confirmed that the injunctive relief was proper.  *Graveline v. Johnson*, No. 18-1992 (6th Cir. 2018). Cases attached.

In *Libertarian Party of Maine v Dunlap*, the United States District Court enjoined the Maine deadline for a new party to have obtained 5,000 registered members to be a qualified party.   Case 2:16 cv-0002, dated May 27, 2016 (Granting reconsideration).

In *Arizona Green Party v Reagan,* the U.S. District Court in Arizona enjoined the Arizona deadline for a party to submit the names of its presidential elector candidates.  That happened on July 19, 2016.  16 cv-2027.

In *Libertarian Party of Arkansas v Martin*, the District Court enjoined the Arkansas deadline for a new party to hold a nominating convention.  Eastern district, 4:15cv-635.  Dated July 15, 2016.

Also in *Libertarian Party of New Hampshire v Sununu*, in which a US District Court enjoined the New Hampshire law requiring 3,000 signatures for independent statewide candidates due to the COVID crisis.  1:20cv-688, Dated July 28, 2020.

*Myers v Gant*, 4:14cv-4121, in which a South Dakota U.S. District Court enjoined the law that wouldn't let an independent candidate substitute a new nominee for Lieutenant Governor.  Dated August 18, 2014.

Most significant, on August 22, 2012, the New Mexico Supreme Court put Jon Barrie on the November ballot as the nominee of the Independent American Party, even though he hadn't been a member of that party early in the year.  *Barrie v Duran*, 33755.  The court also remanded the case back to the trial court to see if he had enough signatures (he did, and he got on the ballot).

Each of these decisions pertained to parties and their candidates or independent candidates; none pertained to election rules for the general electorate.

Respectfully submitted:

By:    _____/s/ *Christopher Kruger*_____
Attorney for Plaintiffs

Christopher Kruger, ARDC No. 6281923, appearing *pro hac vice*
The Law Offices of Christopher Kruger
2022 Dodge Avenue

Evanston, IL 60201-3434
Phone 847 420 1763
Fax 847 733 9537
Email chris@krugerandgruber.com

## CERTIFICATE OF SERVICE

I, Christopher Kruger, an attorney, hereby certify that on June 16, 2022, I electronically filed with the Clerk of the U.S. District Court for the Middle District of Florida, Tampa Division, the foregoing **Proposed Reply** by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

*s/Christopher Kruger*
Christopher Kruger ARDC # 6281923
KRUGER & GRUBER, LLP
205 N. Michigan Ave. Suite 810
Chicago, IL 60611
Phone: 708-420-2100
Fax: 312-268-7064
Email: chris@krugerandgruber.com