UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE'S PARTY OF FLORIDA, *et al.*,

   *Plaintiffs*,

v.   CASE NO. 8:22-cv-1274-TPB-AEP

FLORIDA DEPARTMENT OF STATE,
DIVISION OF ELECTIONS, *et al.*,

   *Defendants*.

_____/

### DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO REPLY AND DEFENDANTS' CONDITIONAL MOTION FOR LEAVE TO FILE SUR-REPLY

Defendants oppose Plaintiffs' Motion for Leave to Reply (DE 22) in support of their request for a preliminary injunction.

The proposed reply argues that the *Purcell* principle is peculiarly inapplicable to ballot-access cases—even though no court has drawn that distinction, and none of the cases cited in the reply even mentions *Purcell*. Given the extensive reliance of federal appellate courts on *Purcell* during the 2020 and 2022 election cycles, *see* DE 21 at 5–7; *Kishore v. Whitmer*, 972 F.3d 745, 751 (6th Cir. 2020) (invoking *Purcell* in a ballot-access case), and the purported "emergency" that Plaintiffs claim requires immediate judicial intervention, Plaintiffs should have addressed *Purcell* in their motion, and not in reply.[1]

---

[1] Plaintiffs' violations of the local rules furnish additional grounds to deny their motion. Plaintiffs did not confer with Defendants before filing their motion, contrary to Local Rule 3.01(g), and filed their proposed reply with their motion, contrary to Local Rule 3.01(d).

If, however, the Court grants Plaintiffs leave to address *Purcell* for the first time in reply, then Defendants respectfully request leave, if it might assist this Court, to file a two-page sur-reply, limited to matters raised in reply, within one day after the Court enters its Order on the Motion for Leave to Reply. The sur-reply would demonstrate that, like all other election cases, ballot-access cases are subject to the *Purcell* principle, which broadly protects a State's election process—including public confidence in the outcome—from federal-court injunctions of state election laws in the period close to an election. *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022).

## Local Rule 3.01(g) Certification

Counsel for Supervisor Corley conferred with counsel for Plaintiffs concerning the relief sought in the conditional motion for leave to file a sur-reply. Plaintiffs do not oppose the requested relief in the event the Court grants Plaintiffs' Motion for Leave to Reply.

June 16, 2022.	Respectfully submitted,

/s/ *Andy Bardos*	/s/ *Bradley R. McVay*
ANDY BARDOS (FBN 822671)	BRADLEY R. MCVAY (FBN 79034)
andy.bardos@gray-robinson.com	*General Counsel*
GRAYROBINSON, P.A.	brad.mcvay@dos.myflorida.com
301 South Bronough Street, Suite 600	ASHLEY E. DAVIS (FBN 48032)
Tallahassee, Florida 32301-1724	*Deputy General Counsel*
Telephone: (850) 577-9090	ashley.davis@dos.myflorida.com
*Counsel for Supervisor Corley*	stephanie.buse@dos.myflorida.com
	FLORIDA DEPARTMENT OF STATE
	R.A. Gray Building, Suite 100
	500 South Bronough Street
	Tallahassee, Florida 32399-0250
	Phone: (850) 245-6536
	Fax: (850) 245-6127
	*Counsel for Secretary of State*

`Case 8:22-cv-01274-TPB-AEP   Document 23   Filed 06/20/22   Page 4 of 4 PageID 450`
## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on this sixteenth day of June 2022.

        */s/ Andy Bardos*
        ANDY BARDOS (FBN 822671)