UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE'S PARTY OF FLORIDA, et al.,

    Plaintiffs,

v.                                                               Case No. 8:22-cv-1274-TPB-AEP

FLORIDA DEPARTMENT OF STATE,
DIVISION OF ELECTIONS, et al.,

    Defendants.
_____/

**<u>ORDER DENYING PLAINTIFFS' "EMERGENCY MOTION AND
MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY
INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER"</u>**

This matter is before the Court on Plaintiffs' "Emergency Motion and Memorandum of Law in Support of Preliminary Injunction and/or Temporary Restraining Order," filed by counsel on June 3, 2022. (Doc. 3). On June 6, 2022, the Court denied the motion to the extent it sought a temporary restraining order and directed an expedited briefing schedule to address the request for preliminary injunction. (Doc. 5). On June 16, 2022, Defendants filed a response in opposition to the motion. (Doc. 21). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**<u>Background</u>**

Plaintiffs – a newly-recognized minor political party, two officers of the political party, and a candidate seeking to be placed on the ballot – file suit to enjoin Defendants from enforcing § 99.021, *F.S*, which they contend violates their First and

Fourteenth Amendment rights under the U.S. Constitution.[1]  Specifically, Plaintiffs seek to enjoin Defendants from requiring Plaintiff Elise Mysels to sign a candidate oath that she has been a member of her political party, and not a member of another political party, for the 365 days before the beginning of the applicable qualifying period for the purpose of ballot access.[2]  Plaintiffs claim that they are injured by Defendants' refusal to recognize the People's Party as a political party for the purpose of running candidates for federal, state, or multicounty district office until after September 1, 2022.

## Legal Standard

To obtain a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 2020 WL 6948354, at *1 (Nov. 25, 2020).  "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these

---

[1] The People's Party was recognized by the State of Florida as a minor political party as of September 1, 2021.  Plaintiff Elise Mysels, a resident of Lutz, Florida, seeks to be the People's Party candidate for the Pasco County Board of County Commissioners.  Plaintiff Victor Nieto is a resident of Miami-Dade County, Florida and is the current chairperson for the People's Party of Florida.  Plaintiff Carolyn Wolfe is a resident of St. John's County, Florida, and is a member of the People's Party Executive Committee.

[2] To qualify for nomination as a candidate of a political party, § 99.021, *F.S.* requires a person to swear or affirm, among other things, that he or she has been a registered member of the political party for 365 days before the beginning of qualifying period preceding the general election for which the person seeks to qualify.

prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

## Analysis

Absent extraordinary circumstances, "federal district courts ordinarily should not enjoin state election laws in the period close to an election." *League of Women Voters v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022) (quoting *Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring)). After careful review, the Court finds that Plaintiffs cannot meet the threshold for a preliminary injunction.

### *No Substantial Likelihood of Success on the Merits*

When an election is close, a party seeking a preliminary injunction must do more than establish a likelihood of success on the merits. Rather, the party must prove that "its position is entirely clearcut." *Id.* at 1372 (citing *Milligan*, 142 S. Ct. at 881 (Kavanaugh, J., concurring) (quotation marks omitted)). That is not the case here. The right to vote in any manner and the right to associate for political purposes through the ballot are not absolute. *Burdick v. Takushi*, 504 U.S. 428, 433 (1992). "[A]s a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic process." *Id.* (quoting *Storer v. Brown*, 415 U.S. 724, 730 (1974)). "States may, and inevitably must, enact reasonable regulations of parties, elections, and ballots to reduce election- and campaign-related disorder." *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997). Courts, including the United States Supreme Court, have upheld both "sore loser" statutes and disaffiliation statutes that

include one-year restrictions.  *Storer*, 415 U.S. at 728; *Curry v. Buescher*, 394 F. App'x 438, 446; 448 (10th Cir. 2010); *Van Susteren v. Jones*, 331 F.3d 1024, 1026 (9th Cir. 2003).

Defendants assert several compelling interests for the Affiliation and Disaffiliation Provisions contained within Florida's current election laws, including stabilization of the political process and preventing voter confusion, party-swapping, and fraudulent and frivolous candidacies.  These types of interests have been frequently recognized by various courts and justify reasonable regulation of ballot access.  *See, e.g., Storer*, 415 U.S. at 732-33, 36; *Bullock v. Carter*, 405 U.S. 134, 145 (1972); *Libertarian Party of Fla. v. State of Fla.*, 710 F.2d 790, 792 (11th Cir. 1983); *Fowler v. Adams*, 315 F. Supp. 592, 594-95 (M.D. Fla. 1970); *Wetherington v. Adams*, 309 F. Supp. 318, 321 (N.D. Fla. 1970).  The primary case relied upon by Plaintiffs, *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208, 210 (1986), is distinguishable and does not stand for the sweeping propositions that Plaintiffs claim.  Accordingly, the Court concludes that Plaintiffs have failed to demonstrate a likelihood of success on the merits.

*No Irreparable Injury*

Plaintiffs also have not shown a substantial threat of irreparable injury.  Because "a preliminary injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolve don its merits," a "delay in seeking a preliminary injunction of even only a few months . . . militates against a finding of irreparable harm."  *Wreal*, LLC, 840 F.3d at 1248.  The People's Party of Florida achieved minor political party status in Florida, and Mysels became a

member of the Party, in September 2021. Plaintiffs have failed to provide any explanation for the delay in challenging the restrictions at issue in this case. Outside of the delay, Plaintiffs have not shown any voter support outside of the individual Plaintiffs, and two of the individual Plaintiffs are not even eligible to vote in Pasco County. Finally, the Party may have its candidates, such as Mysels, run as write-in candidates in this election cycle, and it may endorse, campaign for, and contribute to any candidate. Under these facts, there is no substantial threat of irreparable harm.

***Weighing Harm to the Public Interest and to Plaintiffs' Interests***

When the government opposes a motion for preliminary injunction, its interest and harm merge with the public interest. *State of Fla. v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1293 (11th Cir. 2021) (citing Swain v. Junior, 958 F.3d 1081, 1091 (11th Cir. 2020). The "inability to enforce its duly enacted [laws] clearly inflicts irreparable harm on the State." *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n. 17 (2018). In addition, as mentioned, Defendants have also presented several compelling State interests supporting the Affiliation and Disaffiliation Provisions that are being challenged here, including the stability of the political system. In this case, the injunction requested disserves the public interest, and the harm to the public interest outweighs any harm to Plaintiffs.

## Conclusion

Plaintiffs could have filed this lawsuit much earlier – such as in May 2021, when the Affiliation Provision became effective, or in September 2021, when the People's Party achieved minor party status, or when Mysels became a member of the party. Instead, Plaintiffs filed their complaint and emergency motion in the midst of

the election process, shortly before the end of the qualifying period. Plaintiffs, who "unduly delayed bringing the complaint to the court," cannot overcome *Purcell*. *See Milligan*, 142 S. Ct. at 881 (Kavanaugh, J., concurring). Injunctive relief is not warranted because Plaintiffs' position as to the Affiliation and Disaffiliation Provisions is not entirely clearcut and there is no substantial likelihood of success on the merits, there is no showing of irreparable harm, and the harm to the public outweighs potential injury to Plaintiffs. The motion is denied.[3]

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiffs' "Emergency Motion and Memorandum of Law in Support of Preliminary Injunction and/or Temporary Restraining Order" (Doc. 3) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of June, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court does not address the argument that Plaintiffs lack standing against the Secretary at this time, but this argument may be raised and addressed should this case proceed.